UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Huntington National Bank, successor-by-merger to TCF National Bank,<br><br>Plaintiff,<br><br>v.<br><br>Ultimate Outdoor Movies LLC dba Ultimate Outdoors Entertainment and Laura L. Landers,<br><br>Defendant. | Case No. 23-cv-01288 (KMM/DLM)<br><br>**ORDER** |

This matter is before the Court on Plaintiff Huntington National Bank's ("Huntington") Motion for Default Judgment. ECF 19. Defendants have failed to respond to Huntington's Complaint, did not file any response to the Motion for Default Judgment, and have otherwise made no appearance in this litigation. Based on the following findings of fact and conclusions of law, the motion is granted.

**Findings of Fact**

1. Huntington filed its Complaint in this matter on May 10, 2023, naming Ultimate Outdoor Movies LLC dba Ultimate Outdoors Entertainment ("Ultimate Outdoors") and Laura L. Landers as defendants (collectively, hereafter, the "Defendants"). ECF 1.

2. Huntington is a national bank association with its corporate citizenship in Ohio. ECF 1.

3. "Ultimate Outdoors" is a Texas limited liability company, whose sole member and

owner is Ms. Landers, also a resident of Texas. *Id*. at 1–2.

4. The amount in controversy in this lawsuit exceeds $75,000, and subject matter jurisdiction is therefore proper pursuant to 28 U.S.C. § 1332(a)(1).

5. According to Huntington, Ultimate Outdoors entered into an Installment Payment Agreement (the "IPA") with TCF National Bank ("TCF") on July 23, 2020, to secure a $265,187.05 loan for the purpose of purchasing business equipment. *Id*. at 3. Huntington is the successor-by-merger to TCF.

6. On January 8, 2020, Ultimate Outdoor entered into a finance agreement with Ascentium Capital (the "Ascentium Agreement") for $10,536, also for the purposes of purchasing business equipment. *Id*. On February 14, 2020, TCF purchased the Ascentium Agreement. *Id.* at 10.

7. Huntington sent notices of default to Ultimate Outdoors on March 27, 2023, due to Ultimate Outdoors' failure to make required payments under the IPA and Ascentium Agreement. *Id*. at 7, 9. The amount still owed under the IPA is $144,969.13. *Id*. at 9. The amount still owed under the Ascentium Agreement is $4,840.73. *Id*. at 12.

8. Huntington then initiated this lawsuit, and the Summons and Complaint were served upon Ms. Landers on May 10, 2023. ECF 5.

9. Defendants did not file an Answer or otherwise respond to the Summons and Complaint.

10. A Clerk's Entry of Default was entered against Defendants on September 20, 2023. ECF 18.

11. Huntington filed the pending Motion for Default Judgment on October 6, 2023.

ECF 19. A copy of the motion and its supporting documents was served on both Ultimate Outdoors and Ms. Landers. ECF 25.

12. A hearing on the pending motion was held on December 29, 2023. ECF 29. Defendant did not appear at the hearing.

## Conclusions of Law

13. Defendants were properly served with the Summons and Complaint, failed to timely Answer or otherwise respond, and are in default. Therefore, Huntington is entitled to entry of a default judgment in its favor. Fed. R. Civ. P. 55(b)(2).

14. The factual allegations in the Complaint are taken as true, except those relating to damages. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). Based on those factual allegations, Defendants have breached the IPA and Ascentium Agreement and are liable to Huntington for the amounts owed pursuant to those agreements.

15. The evidence provided by the declaration of Jordan Shamblott (ECF 22) in support of the pending motion establishes Huntington's actual damages incurred from Defendants' breach as $154,944.52. *See Bigham v. John W. McDougall Co., Inc.*, No. 18-cv-706 (NEB/ECW), 2019 WL 2337396, at *2 (D. Minn. June 3, 2019) (discussing the showing to establish damages). The evidence provided by the declarations of Daniel Moak (ECF 23) and Mark Schroeder (ECF 26) establishes that Huntington's attorney's fees and expenses[1] incurred in this matter through December 14, 2023 are $11,613.00.

---

[1] Huntington alleges, and the Court accepts as true, that both the IPA and Ascentium Agreement provide for Huntington to recover attorneys' fees and expenses incurred in enforcing each agreement. *See* ECF 1 at 4, 11.

**Order**

Based on the findings and conclusions above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Default Judgment (ECF 19) is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff Huntington National Bank against Defendants Ultimate Outdoor Movies LLC and Laura L. Landers, jointly and severally, in the amount of $166,557.52, plus any applicable post-judgment interest allowed by law.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: April 16, 2024

*s/Katherine Menendez*
Katherine Menendez
United States District Judge